UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME HAILEY, et al.,
#575198,

    Plaintiffs,                                                           Civil Action No. 21-CV-10087

vs.                                                                      HON. BERNARD A. FRIEDMAN

UNKNOWN CAMPBELL, et al.,

    Defendants.
_____/

**<u>OPINION AND ORDER SEVERING LEAD PLAINTIFF HAILEY'S CASE FROM THE REMAINING PLAINTIFFS AND DISMISSING THE COMPLAINT WITHOUT PREJUDICE AS TO ALL PLAINTIFFS EXCEPT PLAINTIFF HAILEY</u>**

**<u>and</u>**

**<u>ORDER DENYING PLAINTIFF HAILEY'S MOTION FOR CLASS CERTIFICATION</u>**

**<u>and</u>**

**<u>ORDER DIRECTING PLAINTIFF HAILEY TO FILE AN AMENDED COMPLAINT</u>**

        Plaintiffs have filed this prisoner civil rights action under 42 U.S.C. § 1983. The case has been transferred from the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1406(a). *See* docket entry 3. Plaintiffs are fifteen prisoners confined at the Gus Harrison Correctional Facility in Adrian, Michigan. The complaint alleges that defendants, employees of the Michigan Department of Corrections, are taking inadequate steps to mitigate the risks of infection from the COVID-19 pandemic and are failing to provide adequate medical care for prisoners who become ill. Plaintiff Jerome Hailey has also filed a motion for class certification. *See* docket entry 6.

        For the following reasons, the Court will (1) sever lead plaintiff Hailey's case from

the remaining plaintiffs and dismiss the complaint without prejudice as to all plaintiffs except Hailey, (2) deny Hailey's motion for class certification, and (3) require Hailey to file an amended complaint alleging only those claims that pertain to himself.

The joinder of claims, parties, and remedies is "strongly encouraged" where appropriate in the interest of judicial economy and fairness. Federal Rule Civil Procedure 20(a)(1) states that

> [p]ersons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action.

However, there are "pervasive impracticalities associated with multiple-plaintiff prisoner litigation, which militates against permissive joinder even if it were otherwise allowed by Rule 20(a)." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009).

First, there are the potential difficulties arising from Fed. R. Civ. P. 11(a), which requires that all plaintiffs sign every jointly filed document. Such difficulties include the "possibilit[y] that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation." *Proctor*, 661 F. Supp. 2d at 780 (internal quotation marks omitted). Additionally, if a separate filing were made by one plaintiff, he or she would need to serve the other plaintiffs under Fed. R. Civ. P. 5(a). Moreover, multiple-plaintiff pro se prisoner litigation "often results in pleadings [and other papers] being filed on behalf of plaintiffs without their consent." *Proctor*, 661 F. Supp. 2d at 780. "Some courts have also noted that jail populations are notably transitory, making joint litigation difficult." *Id*. (internal quotation marks omitted). Finally, "[o]ther District Courts have also pointed to the need for

resolution of individualized questions of fact and law surrounding the requirement for exhaustion of administrative remedies under 42 U.S.C. § 1997e(a)," as a factor that further complicates multiple-plaintiff pro se prisoner litigation. *Id.* (internal quotation marks omitted). In sum, prisoners are simply "not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult." *Id.*

The Court may dismiss misjoined parties from an action, but misjoinder is generally not a sufficient basis to dismiss an entire case. *See* Fed. R. Civ. P. 21. Consequently, the Court will dismiss the complaint without prejudice as to all plaintiffs except lead plaintiff Hailey.

As to Hailey's motion for class certification, a prisoner proceeding pro se cannot represent the interests of his or her fellow inmates in a class action. *See Heard v. Caruso*, 351 F. App'x 1, 15 (6th Cir. 2009). The Court will therefore deny the motion.

Under Fed. R. Civ. P. 15(a), "[a] party may amend its pleading once as a matter of course within 21 days after serving it" and "[i]n all other cases . . . [t]he court should freely give leave [to amend] when justice so requires." A district court can allow an inmate to amend his or her complaint even when the original complaint might be subject to dismissal under the Prison Litigation Reform Act's screening requirements for prisoner suits. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). In accordance with the Court's ruling regarding the severance of Hailey's claims and the dismissal of the complaint as to the remaining plaintiffs, Hailey is directed to file an amended complaint alleging only those facts and claims that pertain to himself. Accordingly,

IT IS ORDERED that Hailey's claims are severed from those of the remaining

plaintiffs.

IT IS FURTHER ORDERED that the complaint is dismissed without prejudice as to all plaintiffs except Hailey.

IT IS FURTHER ORDERED that Hailey's motion for class certification is denied [docket entry 6].

IT IS FURTHER ORDERED that Hailey shall file an amended complaint within thirty (30) days from the date of this order alleging only those facts and claims that pertain to himself. Failure to do so may result in dismissal of this action as to Hailey without prejudice.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
Dated: June 14, 2021     SENIOR UNITED STATES DISTRICT JUDGE
       Detroit, Michigan